SPRINGFIELD FARMERS ELEVATOR
COMPANY, Appellant,

v.

STATE BANK OF
SPRINGFIELD, Respondent.

No. C6–84–1520.

Court of Appeals of Minnesota.

Jan. 8, 1985.

Review Denied March 21, 1985.

James R. Anderson, Marshall, for appellant.

James B. O'Leary, Springfield, for respondent.

Considered and decided by RANDALL, P.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

This is an appeal from the trial court's finding that the execution levy was void. We reverse.

## FACTS

John Altenhofen ran a feeder pig operation with the financial assistance and supervision of respondent State Bank of Springfield (Bank). Appellant Springfield Farmer's Elevator Company (Elevator) obtained a judgment against Altenhofen on January 22, 1982. The sheriff levied on the judgment on Friday, November 5, 1982. The levy describes the property as "650 hogs on hand which should be ready for market around January 1, 1983, * * * subject to liens of record." A certified copy of the execution was filed with the Brown County recorder on Tuesday, November 9, 1982.

The hogs were sold to a packing company in January without notice to the Elevator. The Bank instructed the packing company to remit all funds to the Bank, and the packing company complied. None of the funds were paid to the Elevator.

The trial court determined that the levy was not timely filed within three days, as required by Minn.Stat. § 550.13 (1982) for bulky articles. The court stated that Rule 6.01 of the Minnesota Rules of Civil Procedure, which would exclude Saturday and Sunday from this computation, was not applicable. The court further determined that the sheriff did not obtain sufficient control over the hogs to complete an effective levy under any alternative procedure.

## ISSUE

Whether the levy was filed within the three days required by Minn.Stat. § 550.13 (1982)?

 

## ANALYSIS

Minn.Stat. § 550.13 (1982) provides that: When personal property, by reason of its bulk or other cause, cannot be immediately removed, it shall be a sufficient levy thereon if the officer, within three days thereafter, file * * * a certified copy of the execution * * *.

Minn.Stat. § 645.15 (1982) sets forth rules for computation of times prescribed by statute. It states that the first day is excluded and the last included, except when the last day falls on a Saturday, Sunday or legal holiday, when it shall be omitted.

Rule 6.01 of the Rules of Civil Procedure is applicable "in computing any period of time prescribed by * * * any applicable statute." It restates the method stated in section 645.15, and then continues:

When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

Minn.R.Civ. P. 6.01.

■ The trial court concluded that giving effect to Rule 6.01 would supersede section 645.15, and that since section 645.15 was not on the list of superseded statutes in Appendix B of the Rules, Rule 6.01 did not apply. However, the two methods are complementary, and may be implemented without conflict. We note that in *State v. Fischer*, 305 Minn. 538, 233 N.W.2d 560 (1975), the Minnesota Supreme Court indicated that a criminal procedure rule which became effective after the dates of the events in *Fischer* and which was identical to Rule 6.01, would control computations of appeal periods, expanding the provisions of section 645.15. *Id.* at 539, n. 1, 233 N.W.2d at 561, n. 1.

■ Since the time period required by the statute is less than seven days, we exclude the intervening Saturday and Sunday, and find the certified copy of the execution was filed within the three days required by Minn.Stat. § 550.13. We further find that the levy adequately described the property. All parties should have been able to identify the seized hogs. In view of this decision, we do not reach the issue of whether any alternative procedure would constitute an effective levy.

## DECISION

The execution was timely filed and completed the levy under Minn.Stat. § 550.13 (1982).

REVERSED.