**WASHINGTON COUNTY SHERIFF,**
Respondent,

v.

**JBI & ASSOCIATES, INC., Respondent,**

**SDMTK, Inc., Appellant,**

**Jack Lehtinen, Respondent.**

No. C5–98–1891.

Court of Appeals of Minnesota.

May 4, 1999.

Peter D. Bergstrom, Thomas P. Carlson, Bergstrom, Carlson & Soldo, P.L.L.P., St. Paul, MN (for respondent Washington County Sheriff).

Steven H. Bruns, Esther E. McGinnis, Peterson, Fram and Bergman, St. Paul, MN for respondent JBI & Associates, Inc.).

Steven D. Soltau, Edina, MN (for appellant).

Jack Lehtinen, Las Vegas, Nevada ( pro se respondent).

Considered and decided by HARTEN, Presiding Judge, RANDALL, Judge, and SHUMAKER, Judge.

## OPINION

SHUMAKER, Judge.

Appellant SDMTK, Inc. alleges various errors by the district court respecting the re-

demption of a foreclosed mortgage. Respondent JBI & Associates challenges the court's calculation of the applicable redemption period. We hold that the district court erred by miscalculating the redemption period, and that the correct calculation is dispositive of the appeal. We reverse as to the dispositive issue and affirm the court's award of attorney fees.

## FACTS

After real estate owner Alice Grant defaulted on her mortgage loan, mortgagee First Bank National Association foreclosed by action. On March 19, 1996, the Washington County sheriff held a foreclosure sale. First Bank purchased the property subject to Grant's one-year redemption right. The redemption period expired March 19, 1997.

Various junior lienors also had redemption rights. In priority, respondent JBI & Associates was first, appellant SDMTK, Inc. second, and respondent Jack Lehtinen third.

JBI's right to redeem commenced on Thursday, March 20, 1997. JBI redeemed directly from First Bank on March 25, 1997, and received a certificate of redemption. In order to record the certificate, JBI paid delinquent real estate taxes against the property.

On March 31, 1997, SMDTK, believing that JBI's redemption was invalid, tendered funds to the sheriff and requested a certificate of redemption. Because JBI had already ostensibly redeemed, the sheriff accepted the funds but declined to issue a certificate to SDMTK.

Lehtinen tendered redemption funds to the sheriff on April 7, 1997. The sheriff accepted the funds but declined to issue a certificate because of the apparent redemption by JBI and the tender by SDMTK.

The sheriff brought an interpleader and declaratory judgment action seeking the determination of the respective rights and obligations of the sheriff and the junior lienors.

On October 3, 1997, the district court ruled that JBI had a right to redeem until March 24, 1997, and that its redemption on March 25, 1997, was untimely and invalid. The court also held that SDMTK's redemption was timely and valid and the court directed the sheriff to issue a certificate of redemption to SDMTK.

The district court issued orders on January 7, 1998, directing SDMTK to reimburse JBI for delinquent real estate taxes JBI paid, and on March 3, 1998, requiring SDMTK to pay attorney fees to JBI. The latter order resulted from SDMTK's effort to have the court reconsider the requirement that SDMTK reimburse delinquent tax payments.

## ISSUE

Did the district court err by including a Saturday and a Sunday in its computation of a five-day period for a mortgage redemption by a creditor-lienor?

## ANALYSIS

No one on appeal challenges the district court's findings of fact and no one contends that JBI's redemption was irregular in any respect except its timeliness. The dispositive issue is whether JBI's redemption was timely. That is a question of law. We review questions of law de novo. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

Minn.Stat. § 580.24 (1996) provides that, if a mortgagor does not redeem a foreclosed mortgage within the statutory redemption period, the "senior creditor having a lien * * * may redeem within five days after the expiration of the [mortgagor's] redemption period." The statute gives no guidance as to how to compute the five days. Does it mean five calendar days or five business days? Does it exclude weekends and holidays? The district court counted consecutive five calendar days for JBI's redemption period. In doing so, the court included two weekend days, during which it is undisputed the sheriff's office was closed for purposes of redeeming mortgages. In effect, JBI was allowed three business days in which to redeem the mortgage.

Minn. Stat. § 645.15 (1996) gives some guidance for counting periods of time. It provides that a period

shall be computed so as to exclude the first and include the last day of the prescribed or fixed period or duration of time. When the last day of the period falls on Saturday, Sunday or a legal holiday, that day shall be omitted from the computation.

This statute demonstrates that periods of time fixed in other statutes are not necessarily to be read as absolutes. Applying Minn. Stat. § 645.15, any statutory time period would be extended by at least one day—the first day—and sometimes by two days depending on what the last day of the period is. But the statute is silent as to whether intervening weekends are to be included in the computation.

Minn. R. Civ. P. 6.01 fills the gap. The rule pertains to the computation of "any period of time prescribed or allowed by these rules * * * or by any applicable statute." It then incorporates the substance of Minn.Stat. § 645.15 and further provides:

> When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

■ We have previously held that Minn. R. Civ. P. 6.01 and Minn.Stat. § 645.15 "are complementary, and may be implemented without conflict." *Springfield Farmers Elevator Co. v. State Bank*, 360 N.W.2d 402, 403 (Minn.App.1985), *review denied* (Minn. Mar. 21, 1985).

■ The creditor redemption statute allows a period of five days to redeem a foreclosed mortgage that has not been timely redeemed by the mortgagor. Minn.Stat. § 580.24. It is legally correct to count the five days by excluding the first day and intervening weekend days. Minn.Stat.

§ 645.15; Minn. R. Civ. P. 6.01. Doing so in this case yields a timely redemption by JBI. The district court erred as a matter of law in its computation of the redemption period available to JBI.

Our holding renders moot the question of whether SDMTK must reimburse JBI for delinquent real estate taxes and we need not address that issue further.

■ The final question is whether the court improperly awarded attorney fees to JBI. The award of attorney fees is discretionary with the district court. *Giuliani v. Stuart Corp.*, 512 N.W.2d 589, 596 (Minn. App.1994). We review such awards under an abuse of discretion standard. *Id.* The court ordered SDMTK to pay $250 toward JBI's attorney fees because SDMTK brought a motion on a matter already decided and without offering any new evidence. The award was reasonable in both amount and rationale. We find no abuse of discretion.

The determinations that JBI's redemption was invalid and SDMTK's redemption was valid are reversed. The orders directing the Washington County sheriff to issue a certificate of redemption to SDMTK and directing SDMTK to reimburse JBI for paid delinquent real estate taxes are vacated.[1] The award of attorney fees to JBI is affirmed.

**Affirmed in part, reversed in part, and orders vacated.**

---

1. The sheriff must, of course, return the money tendered by SDMTK, Inc. and Jack Lehtinen.